# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Fernadell Donta Haynes,<br><br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc; and<br>Trans Union LLC; Syndicated Office Systems; Receivable Solutions Specialists; and Atlanta Medical Center, Inc;<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br>**WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Fernadell Donta Haynes, is natural person who resides in Clayton County, Georgia.

3. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Syndicated Office Systems (hereinafter "Syndicated") does business in Georgia.

6. Syndicated uses interstate commerce or mail in business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Receivable Solutions Specialists (hereinafter "Receivable") does business in Georgia.

8. Receivable regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

9. Receivable uses interstate commerce or mail in business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant Atlanta Medical Center, Inc., (hereinafter AMC) does business in Georgia.

11. Defendant Equifax information Services, LLC (hereinafter "Equifax") is a credit reporting agency doing business in Georgia.

12. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

13. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit reporting agency doing business in Georgia.

14. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

15. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally,

jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

16. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

17. On May 26, 2012, the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 10-75484-bem. The Plaintiff converted to Chapter 7 on October 10, 2012. The Plaintiff received a discharge of her debts by Order of that Court dated January 10, 2013.

18. Among the debts discharged were debts owing to or collected by Syndicated, Receivable, and AMC.

19. While the automatic stay was in effect during the Plaintiff's bankruptcy, it was illegal for AMC to take any collection actions against the Plaintiff.

20. AMC did not, during the pendency of the Plaintiff's bankruptcy case, obtain relief from the automatic stay for the purpose of continuing collection efforts.

21. Upon the issuance of the Order of Discharge, discharge it became illegal for any party to take any action to collect on a debt included in Plaintiff's

discharge or to otherwise interfere with the "fresh start" gauranteed to her under the Bankruptcy Code.

22. Nonetheless, in February 2013, after the Plaintiff's debt had been discharged, AMC referred its discharged account to Syndicated for active collection.

23. All of the alleged debts were primarily for personal, family or household purposes and were therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

24. On or about May 26, 2015, Plaintiff obtained copies of her credit report as published by Equifax and Experian. She had not seen her credit reports from either of these entities before that time.

25. Those reports contained erroneous information as provided by Syndicated, Receivable, and AMC and published and reported by Equifax and Experian.

26. Specifically, Syndicated reported to Equifax that the Plaintiff owes a debt of $100.

27. Receivable reported to both Equifax and Experian that the Plaintiff owes a debt of $109.

28. While the automatic stay was in effect during the Plaintiff's bankruptcy, it was illegal for Defendant Syndicated to report any post-bankruptcy derogatory collection information.

29. Syndicated knew or should have known of the discharged status of the debt, as it did not receive the collections referral until after the debt had already been discharged.

30. Syndicated did not, during the pendency of the Plaintiff's bankruptcy case, obtain relief from the automatic stay for the purpose of continuing collection efforts by reporting post-filing derogatory collection information.

31. Notwithstanding the effect of the automatic stay, after Plaintiff's bankruptcy filing, Syndicated reported to Equifax that Plaintiff owed a $100 debt and maintained the status of that report in its debt collection efforts for more than two years.

32. Because Plaintiff's debts were discharged in bankruptcy, the information Syndicated and Receivable provided to Equifax and/or Experian and that Equifax and Experian included in the Plaintiff's credit report was both false and misleading.

33. In letters dated June 25, 2015, Plaintiff disputed the inaccurate and misleading information to Defendants Equifax and Experian and set forth the specific facts that rendered the reporting inaccurate and misleading. Upon information and belief, Defendants Equifax and Experian timely notified Defendants Syndicated and Receivable of the Plaintiff's dispute in accordance with 11 U.S.C. § 1681i.

34. In a document dated July 9, 2015, Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute, and that, though it was removing the Syndicated debt based on the bankruptcy discharge, the Receivable debt was being reported correctly. Defendant Equifax provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. Copies of these documents are attached as Exhibit A.

35. There is no indication in the tradeline of the "verified" Equifax report that the Plaintiff has disputed the information published by Defendants Equifax and Receivable.

36. In a document dated July 7, 2015, Defendant Experian advised Plaintiff that it had researched Plaintiff's dispute, and that the Receivable debt was being reported correctly. The Syndicated debt was not included on the original or the reinvestigated Experian report. Defendant Experian provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. Copies of these documents are attached as Exhibit B.

37. There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information published by Defendants Experian and Receivable.

38. Defendants Equifax and Experian were required to communicate the specifics of Plaintiff's disputes to Defendant Receivable. Likewise, Defendant Receivable has a duty to investigate the dispute and accurately report its findings to Defendants Equifax and Experian.

39. Equifax and Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant Receivable.

40. The Defendants are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

41. Each and all of the Defendants, independently and jointly, breached their duties as described above.

42. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that a debt of $109 allegedly owed to Receivable but discharged in bankruptcy was not appropriately deleted or modified.

43. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

44. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating and emotional distress.

45. Syndicated's and Receivable's reporting of the debts to one or more credit bureaus was an attempt to collect the debt.

46. Despite Equifax's correction of its report upon the Plaintiff's discovery of the incorrect information, Syndicated provided the false and misleading information to Equifax for more than two years in furtherance of its ongoing efforts to collect the debt.

47. Defendant Receivable provided the false and misleading information to Equifax and Experian in furtherance of its efforts to collect the debt.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (EQUIFAX AND EXPERIAN)

49. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50. Defendants Equifax and Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

51. Defendants Equifax and Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

52. As a result of Defendants Equifax's and Experian's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

53. Defendants Equifax's and Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

54. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax and Experian  pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,

## 15 U.S.C. § 1681s-2(b)
## (RECEIVABLE)

55. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

56. Defendant Receivable willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

57. As a result of Receivable's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

58. Defendant Receivable's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorney's fees from Defendant Receivable pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10) (SYNDICATED AND RECEIVABLE)

60. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

61. Defendants Syndicated's and Receivable's provision of false and/or misleading information in connection with their attempts to collect the alleged debts violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

62. As a result of Syndicated and Receivable's violations of the FDCPA, Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

63. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendants Syndicated and Receivable $1,000 each in statutory damages and reasonable attorney's fees and costs.

## COUNT IV

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION,

**11 U.S.C. § 524(a)(2)**
**(SYNDICATED)**

64. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65. Defendant Syndicated willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information, including that there was still a balance in active collection.

66. Because the account was not even referred to it until after the debt had been discharged in bankruptcy, Syndicated knew or should have known that its post-discharge report was false and misleading. Syndicated continued reporting this false and misleading information for more than two years, until the Plaintiff disputed it.

67. Defendant Syndicated's actions and omissions were willful, rendering it liable for civil contempt sanctions.

## COUNT V

**VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION,**
**11 U.S.C. § 524(a)(2)**
**(AMC)**

68. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

69. Defendant AMC willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by referring instituting active collection through Syndicated after the date of discharge.

70. Defendant AMC's actions and omissions were willful, rendering it liable for civil contempt sanctions.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against Syndicated and Receivable pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against Syndicated and Receivable pursuant to 15 U.S.C. § 1692k;

    f.) That this Court use its contempt powers to enforce the orders of the Bankruptcy Court and, specifically, the discharge injunction as set forth in 11 U.S.C § 524 and issue monetary sanctions against Defendants AMC and Syndicated in amount to fully compensate the Plaintiff and to deter similar conduct in the future; and

g.) Such other and further relief as may be just and proper.

Respectfully submitted this 26th day of August, 2015.

> */s/ Matthew T. Berry*
> Plaintiff's Attorney
> Matthew T. Berry, Bar No.: 055663
> Berry & Associates
> 2751 Buford Highway, Suite 600
> Atlanta, GA 30324
> Ph. (404) 235-3334
> Fax (404) 235-3333
> matt@mattberry.com